IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SAMUEL MCNAIR                                                                                    PLAINTIFF

V.                                                              CAUSE NO.: 4:12CV103-SA-JMV

ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY                                                      DEFENDANT

ORDER ON POST-TRIAL MOTION

Plaintiff has submitted a Motion for Judgment as a Matter of Law Notwithstanding the Verdict, Alternatively for New Trial [49] after a jury trial held in this case. In particular, Plaintiff cites the following errors it asserts the Court should address: (1) the jury instructions given were erroneous and require a new trial; (2) the overwhelming weight of the evidence goes against the verdict rendered in this case; (3) the Court lost subject matter jurisdiction when it directed a verdict for Defendant on the property damage claim; and (4) the directed verdict as to the property damage claim was improper.

*Standard of Review*

Judgment as a matter of law under Rule 50 is appropriate where "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P. 50(a)(1); see also Chaney v. City of Orlando, 483 F.3d 1221, 1227 *11th Cir. 2007) (noting that a renewed motion for judgment as a matter of law post-trial is evaluated under the same standard as the initial motion under Rule 50(a) filed at the close of evidence). In order to assert a post-trial motion under Federal Rule 50, however, the moving party is required to have made the motion for a judgment as a matter of law "at any time before the case is submitted to the jury." FED. R. CIV. P. 50(a)(2). Where, as here, however, no motion was made prior to jury deliberations, the

request is waived. See Flowers v. S. Reg'l Physician Servs., 247 F.3d 229, 238 (5th Cir. 2001) (noting that where a party fails to move under Rule 50(a) for a judgment as a matter of law on an issue at the conclusion of all evidence, that party waives its right to file a renewed post-verdict Rule 50(b) motion and it right to challenge the sufficiency of the evidence on that issue on appeal); Smith v. Louisville Ladder Co., 237 F.3d 515, 525 (5th Cir. 2001) ("It is well-settled in this circuit that a motion for JMOL filed post verdict cannot assert a ground that was not included in the motion for JMOL made at the close of evidence.").

Rule 59 of the Federal Rules of Civil Procedure permits a trial court to grant a new trial based on that court's appraisal of the fairness of the trial and the reliability of the jury's verdict. The rule does not specify what grounds are necessary to support such a decision, but states only that the action may be taken "for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a); Smith v. Transworld Drilling Co., 773 F.2d 610, 613 (5th Cir. 1985). A new trial may be granted, for example, if the district court finds that the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in the course of the trial. The judgment will stand when the evidence presented at trial could reasonably support the jury's verdict. See, e.g., Eyre v. McDonough Power Equip., Inc., 755 F.2d 416, 420-21 (5th Cir. 1985); Westbrook v. Gen. Tire & Rubber Co., 754 F.2d 1233, 1241 (5th Cir. 1985). A motion for a new trial based on evidentiary grounds should not be granted unless, at a minimum, the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence. Carter v. Fenner, 136 F.3d 1000, 1010 (5th Cir. 1998).

*Analysis and Discussion*

    A. <u>Subject Matter Jurisdiction and the Property Damage Directed Verdict</u>

    As an initial matter, the Court turns to Plaintiff's argument that upon directing the verdict as to Plaintiff's property damage claim, subject matter jurisdiction was lost as the amount in controversy no longer approached the $75,000 threshold limit.

    Defendant made a motion for directed verdict pursuant to Federal Rule of Civil Procedure 50(a), as to the issue of property damage, stating that no evidence supported the presentation of that issue to the jury given the language of the insurance policy. The Court expressed its concern with the method of valuation of the property put forth by the Plaintiff, and eventually held that based on the language of the contract between the parties, the requirement that Plaintiff exhaust all other methods of insurance as a condition precedent to underinsured motorist coverage under the Allstate policy had not been met.

    "Questions concerning the construction of contracts are questions of law that are committed to the court rather than questions of fact committed to the fact finder." <u>Miss. State Hwy. Comm'n v. Patterson Enters., Ltd.</u>, 627 So. 2d 261, 263 (Miss. 1993). Accordingly, the Court stands by its decision to hear the evidence in the case, review the language of the contract, and find that the Plaintiff failed to exhaust benefits due under the third-party policy as required in order to recover under the Allstate policy for property damage. Thus, Plaintiff's contention that the directed verdict as to property damage requires a new trial is unfounded.

    Plaintiff also insists that once the directed verdict was granted, this Court lost its ability to hear the case as the case was removed to federal court pursuant to diversity jurisdiction. A district court enjoys diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a). The

amount in controversy is determined at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). If a defendant establishes "by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount," a plaintiff may defeat removal only by establishing to a legal certainty that his or her recovery will not exceed the statutory threshold. In re 1994 Exxon Chem. Fire, 558 F.3d at 387 (quotation marks and citation omitted). Courts generally begin the amount-in-controversy analysis by "look[ing] only to the face of the complaint and ask[ing] whether the amount in controversy exceeds" the jurisdictional threshold. Ervin v. Sprint Commc'ns Co. LP, 364 F. App'x 114, 117 (5th Cir. 2010) (quoting S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (5th Cir. 1996)).

Plaintiff failed to challenge the subject matter jurisdiction of the Court prior to the final day of trial. The Court noted in conference regarding the verdict form that even though the Court did not allow itemization of Plaintiff's potential damages, the jury would still be entitled to find the Defendant owed $600,000 or $800,000 based on the prior jury instructions. Indeed, in closing argument, Plaintiff's counsel asked the jury for $800,000 to fairly compensate the Plaintiff for the injuries sustained in the accident at issue. Accordingly, the Court finds that even without considering the property damage claim, the statutory threshold has been met sufficiently for subject matter jurisdiction.

    B. <u>Jury Instructions</u>

Plaintiff complains that the Court allowing the jury to be informed of the $25,000 prior settlement prejudiced him to the point that a new trial is warranted. The Pretrial Order agreed to by the parties and entered by the Court included a section in which the parties stipulated that "Dr. McNair has exhausted the liability limits of the third party tortfeasor in the amount of $25,000 as it concerns his bodily injury claim only." That document also evidences that Plaintiff intended to

introduce the settlement documents from Geico in its case-in-chief. Plaintiff's counsel, in his opening statement, referred to the Geico settlement. In addition, Plaintiff failed to object to the Court's reading of the stipulations during the trial. Because Plaintiff stipulated to the inclusion of the $25,000 settlement figure, the Court finds Plaintiff's objections now to be without merit.

Plaintiff also objects to the "broad form" version of the verdict form. Plaintiff offered no explanation for itemizing the potential damages when asked by the Court. Plaintiff further failed to object to the broad form verdict form at the time of discussion prior to jury deliberations.

As to Plaintiff's remaining complaints regarding the jury instructions, this Court's review is guided by the following Fifth Circuit precedent:

> A challenge to jury instructions "must demonstrate that the charge as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." Deines v. Tex. Dep't of Protective & Regulatory Servs., 164 F.3d 277, 279 (5th Cir. 1999) (quoting Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1216 (5th Cir. 1995)). A single inaccurate, ambiguous, or incomplete clause does not dictate reversal if the instructions as a whole properly express the law. Vicksburg Furniture Mfg., Ltd. v. Aetna Cas. & Surety Co., 625 F.2d 1167, 1169 (5th Cir. 1980). Even if the challenger proves the instructions misguided the jury, we reverse only if the erroneous instruction affected the outcome of the case. Deines, 164 F.3d at 279.

Thomas v. Texas Dept. of Criminal Justice, 297 F.3d 361, 365 (5th Cir. 2002). A review of the jury instructions as a whole reveals a proper expression of the law such that no particular jury instruction given was erroneous.

### C. Weight of the Evidence

Plaintiff additionally claims that the overwhelming weight of the evidence requires entry of a judgment notwithstanding the verdict. As noted above, Plaintiff failed to raise a motion for judgment as a matter of law prior to the jury's deliberations, therefore, those arguments are deemed waived. However, even if the Court were to consider Plaintiff's arguments under Rule

50, the Court finds that was a sufficient evidentiary basis for the jury to find for the Defendant in this case.

*Conclusion*

Plaintiff's Motion for Judgment as a Matter of Law Notwithstanding the Verdict, or Alternatively, for a New Trial [49] is DENIED for the reasons set forth above. To the extent that any of Plaintiff's claims are not specifically addressed above, those arguments are also found lacking. This case is CLOSED.

SO ORDERED, this the 1st day of August, 2014.

**/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**